UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
MAR 21 2007

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| FLOYD J. HART, | CIV. 06-4174 |
| Plaintiff, | |
| vs. | REPORT and RECOMMENDATION |
| DON HOLLOWAY, Pennington County Sheriff, in his official and individual capacity; SHARI JACKSON, Practicing Physician, Pennington County Jail, in her official and unofficial capacity, | |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. The events which form the basis for his lawsuit occurred while he was incarcerated at the Pennington County Jail, apparently awaiting trial on the charges which ultimately resulted in his imprisonment at the penitentiary. Plaintiff brings suit against the Pennington County Sheriff and the Pennington County Jail Physician. Plaintiff does not expressly state his claim is brought pursuant to 42 U.S.C. § 1983, but it is filed on the forms which are regularly used by inmates to file such claims, and which are provided by the Pennington County jail to prisoners for that express purpose.

The Court has, as it must, "screened" this case pursuant to 28 U.S.C. § 1915A, and has determined it must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## **BACKGROUND**

In the "statement of claim" portion of Plaintiff's Complaint, he explains that in December, 2003, while incarcerated at the Pennington County Jail, he fell and broke his right hand. Two of his requests to see the medical staff at the jail were denied. He also asked to be taken to the Sioux San Hospital, but that request was also denied. He does not specify to whom he made these requests. The jail physician (Shari Jackson) examined Plaintiff's hand and said it was only bruised, and that

Plaintiff did not need x-rays. Before Plaintiff had an opportunity to file a grievance, he was transferred to the South Dakota State Penitentiary, where x-rays were performed and a fracture was discovered. A cast was applied. Plaintiff asserts he now has arthritis in his hand and can no longer use a hammer or tools with his right hand. In the "relief" portion of his Complaint, Plaintiff requests $50,000.00 for pain and suffering.

## DISCUSSION

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

### 1.   Eighth Amendment Claim--Deliberate Indifference

Liberally construed, Plaintiff's Complaint attempts to allege a violation of the Eighth Amendment, brought pursuant to § 1983. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prisoner's allegation of inadequate medical attention was recognized as a potentially viable claim for a violation of the prohibition against cruel and unusual punishment, via a § 1983 cause of action, in Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a cause of action, the prisoner must sufficiently allege "deliberate indifference" to a prisoner's "serious illness or injury." Id., 429 U.S. at 105, 97 S.Ct. at 291. "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id.

With regard to the "deliberate indifference" requirement, the courts have made clear that mere negligence or medical malpractice is not enough. Id., 497 U.S. at 107, 97 S.Ct. at 293. Likewise, a disagreement with a physician's treatment decisions does not rise to the level of an Eighth Amendment violation. Id., 429 U.S. at 105-06, 97 S.Ct. at 291-92; Randall v. Wyrick, 642 F.2d 304,

308 (8th Cir. 1981). To prevail on a claim of deliberate indifference, a plaintiff must prove: (1) he suffered objectively serious medical needs and; (2) the prison officials actually knew but deliberately disregarded those needs. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997).

At best, Plaintiff has alleged that he fell in his cell and suffered a broken hand which was mis-diagnosed by the jail physician for a short period of time before he was transferred to the penitentiary. Plaintiff did not have time to file a grievance on the matter before he was transferred. The jail physician examined his hand and determined x-rays were not necsessary--a decision which with which Plaintiff disagreed and which was apparently ultimately incorrect. Once a prisoner has been diagnosed with a medical condition, he does not necessarily have the right to the treatment of his preference. " . . .[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel or unusual punishment. At most it is medical malpractice . . . " Estelle v. Gamble, 429 U.S. 97, 107, 97 S.Ct. 285, 294, 50 L.Ed.2d 251 (1976).

It is well established that a prisoner does not have a right to a particular or requested course of treatment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). See also, Givens v. Jones, 900 F.2d 1229, 1232-33 (8th Cir. 1990). In that case, the Eighth Circuit found the doctor was entitled to qualified immunity even though he prescribed an antibiotic to which the inmate claimed to be allergic. "Certainly physicians do not, and should not, necessarily accept as true the medical judgments offered by their patients. They must make treatment decisions on the basis of a multitude of factors, only one of which is the patient's input. . . . [the inmate] appears only to disagree with [the doctor's] apparent conclusion that the possible adverse effects of the drug were outweighed by its benefits." A prisoner's mere disagreement with treatment decisions does not rise to the level of a constitutional violation. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000). See also Bryan v. Endell, 141 F.3d 1290, 1291 (8th Cir. 1998)(delay in treating inmate's broken hand made surgery impractical; even though delay may have amounted to negligence, "more must be shown to establish a constitutional violation. There must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness."). Also, "[t]o establish a violation of . . .§ 1983, the plaintiff must establish that the defendants' unconstitutional action was the cause in fact of the

plaintiff's injury." Calloway v. Miller, 147 F.3d 778, 781 (8th Cir. 1998). Plaintiff's allegations rise to the level of negligence, but not deliberate indifference under the Eighth Amendment. His lawsuit must therefore be dismissed.

### 2. Claims Against Sheriff Holloway

Plaintiff's claims against Sheriff Holloway must be dismissed for an additional reason: Plaintiff makes no specific allegations against him. "Broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under § 1983." Ellingburg v. King, 490 F.2d 1270, 1271 (8th Cir. 1974). At the very least, a complaint must contain facts which state a claim as a matter of law, and give the court an idea what acts the individual defendants are accused of that could result in liability. Frey v. City of Herculaneum, 44 F.3d 667, 671-72 (8th Cir. 1995). Plaintiff's bare bones Complaint does not meet even these minimal standards.

"In the section 1983 context, supervisor liability is limited. A supervisor cannot be held liable on a theory of respondeat superior, for an employee's unconstitutional actions. Rather, a supervisor incurs liability for an Eighth Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference." Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). A warden who lacks medical expertise cannot be held liable for the decisions of a medical staff to treat or not treat an injury. Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). For all of these reasons, Plaintiff's Complaint is insufficient as a matter of law and must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Plaintiff's Filing Fees.

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. In Re: Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. Anderson v. Sundquist, 1 F.Supp.2d

828, 830 n. 5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?

Roller v. Gunn, 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995) See also In Re: Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The amount Plaintiff has paid to date ($44.10) therefore, will not be refunded, and Plaintiff remains responsible for payment of the balance of the $350.00 filing fee.

Plaintiff is advised that the dismissal of this lawsuit will be considered his first "strike" for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## CONCLUSION and ORDER

Liberally construed, Plaintiff attempts to allege an Eighth Amendment claim for deliberate indifference to his medical needs. His Complaint, however, at best states his disagreement with the medical treatment he received during a short stay at the Pennington County Jail or in the alternative alleges negligence on the part of the jail physician. Additionally, Plaintiff fails to make any specific allegations whatsoever against the Pennington County Sheriff. Even under the most liberal pleading standards it fails to contain facts which state a claim as a matter of law, or which give the court an idea what acts the individual defendants are accused of that could result in liability under the Eighth Amendment. It is therefore respectfully RECOMMENDED to the District Court that Plaintiff's Complaint be DISMISSED without prejudice.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 20th day of March, 2007.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _Shelly Margulies_, Deputy
(SEAL)